IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DANIEL ANTONIO VILLAR AGUILAR,** § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-26-CV-88-KC |
| § § | |
| **MARY DE ANDA-YBARRA et al.,** § § | |
| Respondents. § | |

### ORDER

On this day, the Court considered Daniel Antonio Villar Aguilar's Petition for a Writ of Habeas Corpus, ECF No. 1. Villar Aguilar alleged that he entered the United States in 2004 by plane, at which time Immigration and Customs Enforcement ("ICE") detained and then released him on conditions of supervision. *Id.* ¶ 43. And that ICE detained Villar Aguilar again on July 17, 2025, at his home. *Id.* The Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted by January 27, 2026. Jan. 20, 2026, Show Cause Order, ECF No. 2.

Respondents claim that Villar Aguilar is subject to a final order of removal from 2014, providing evidence of the same. Resp. 1, ECF No. 3; Resp. Ex. A ("IJ Order"), ECF No. 3-1. They argue that Villar Aguilar is thus is mandatorily detained under 8 U.S.C. § 1231, and not entitled to a bond hearing. Resp. 1. Further, Respondents argue that Villar Aguilar fails to show "there is no likelihood of removal in the reasonably foreseeable future," making his detention lawful. *Id.*

When a noncitizen is detained pursuant to a final order of removal, their detention may only last for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533

U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Villar Aguilar did not brief the *Zadvydas* issue in his Petition and did not allege that he was subject to a final order of removal. *See generally* Pet. Thus, after reviewing the Response, additional briefing is necessary to adjudicate the Petition.

Accordingly, Petitioner shall **FILE** a reply by **no later than February 4, 2026**, stating whether he disputes Respondents' assertions regarding the existence and validity of a final order of removal. If Villar Aguilar concedes that he is subject to a final order of removal, he must state his position as to why there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

**SO ORDERED**.

**SIGNED this 28th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE